Matter of the Application of ERNEST T. HAEBLER, Respondent, for a Writ of Mandamus against THE NEW YORK PRODUCE EXCHANGE, Appellant.

(New York Superior Court — General Term, December, 1895.)

PRODUCE EXCHANGE — SUSPENSION OF MEMBER.

> The by-law of the New York Produce Exchange providing that a member may be censured, suspended or expelled if accused of a willful violation of the charter, fraudulent breach of contract, or any proceedings inconsistent with just and equitable principles of trade or other misconduct, does not authorize the board to suspend a member upon a complaint involving a mere failure to comply with the terms of a specified contract.

APPEAL from order of the Special Term directing that a writ of peremptory mandamus issue to reinstate the petitioner as a member of the exchange.

The petitioner was suspended by the board of managers of the defendant on a complaint charging him with "proceedings inconsistent with just and equitable principles of trade, as follows: Failure to comply with the terms and conditions of a contract for 8,000 barrels of Portland Cement, dated Jan. 22, 1895, partially delivered."

The following is the opinion at Special Term:

GILDERSLEEVE, J. The law, as laid down in the prevailing opinion in the case of *People ex rel. Johnson* v. *N. Y. Produce Exchange*, 8 Misc. Rep. 552, must control the Special

Misc.] New York Superior Court, December, 1895.

Term of this court until it shall have been disapproved by a higher tribunal. The complaint and proceedings in that case were practically the same as in the one before me, and the facts so nearly approach those herein disclosed that I feel constrained to regard it as a controlling authority in the matter of this application. In both cases the complaint charged "proceedings inconsistent with just and equitable principles of trade;" in the one case by "breach of" a specified contract, in the other by "failure to comply with the terms of" a specified contract. In both cases the board of managers proceeded, in regular conformity with the by-laws, to investigate the matter, and in both cases they concluded that the accused party had, in their opinion, been guilty of conduct inconsistent with just and equitable principles of trade, and in both cases the accused was suspended in perfect accordance with the by-laws. The two cases, therefore, being practically identical, and the General Term of this court having decided, in the *Johnson* case, that the exchange was without jurisdiction to suspend the accused, I have no other alternative than to grant the application herein asked for. The application granted, with fifty dollars costs and disbursements to the applicant.

*Abel E. Blackmar*, for appellant.

*Robert B. Honeyman*, for respondent.

*Per Curiam.* The order appealed from should be affirmed, with costs, upon the opinion at Special Term.

Present: FREEDMAN and McADAM, JJ.
Order affirmed, with costs.